48 F.3d 1222
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America ex rel. Simon Green, Petitioner-Appellant,
v.
Howard A. PETERS, III, Jerry D. Gilmore, and Roland W.
Burris, Respondents-Appellees.
 No. 93-3829.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 2, 1995.[1]
Decided March 6, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Simon Green appeals from the denial of his petition for a writ of habeas corpus, 28 U.S.C. Sec. 2254. We affirm.
 
 
 2
 In December 1988, an Illinois jury convicted Green of armed robbery and he was sentenced to a term of 20 years' imprisonment. The Illinois Appellate Court affirmed that conviction,[2] People v. Green, 198 Ill.App.3d 525, 555 N.E.2d 1208 (1990), and the Illinois Supreme Court denied leave to appeal. Green's post-conviction petition[3] was also denied. In the habeas action, the district court appointed counsel for Green, permitted the filing of an amended habeas petition, and held an evidentiary hearing. In September 1993, the district court denied the habeas petition.
 
 
 3
 The evidence at trial established that Green's codefendant, Ricky Gordon, went into a sporting goods store, demanded and received money from the saleswoman, left the store, and entered the waiting car which Green was driving. The saleswoman ran to a bicycle store next door, and said she had been robbed. Timothy Beno, an employee at the bicycle store, ran outside, saw Gordon getting into a car, and also observed the driver, Green. At trial, Beno was the only witness to identify Green at the scene. Other evidence connected Gordon and Beno's activities that day. Apparently at some point after the trial began and before closing arguments, Green's counsel learned that Beno had seen Green's photograph in a "Crime Stoppers" article in the local newspaper after the robbery and two weeks before he identified the same photograph of Green in a police photo array.
 
 
 4
 Green argues that he was denied a fair trial because the Illinois trial court denied his motion for a new trial, filed shortly before closing arguments, based on "newly discovered evidence"--defense counsel learning that the eyewitness, Beno, had seen the Crime Stoppers photograph of Green. This fair trial claim essentially encompasses the ineffective assistance claim made by Green. Green argues that he was denied his Sixth Amendment right to effective assistance of counsel because his attorney failed "to seek a hearing on the issue of identification after being informed that the witness had viewed a 'Crime Stoppers' article." Counsel failed to move to suppress the identification, and did not present the circumstances of the identification to the jury.
 
 
 5
 Under Strickland v. Washington, 466 U.S. 668 (1984), Green must show that counsel's representation fell below an objective standard of reasonableness and that a reasonable probability exists that but for his attorney's unprofessional representation, the result of the trial would have been different. Even if counsel's failure to discover the earlier view of Green in the newspaper article, Green fails to meet the prejudice prong of Strickland, which focuses on the question of whether counsel's deficient performance renders the result of the trial unreliable or fundamentally unfair. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993).
 
 
 6
 Under the relevant factors announced in Neil v. Biggers, 409 U.S. 188, 199-200 (1972), we conclude that the identification, even if unnecessarily suggestive, was reliable. We review the admissibility of a challenged identification under a two-part test: whether the identification was unnecessarily suggestive, and if so, whether it was reliable despite its suggestiveness. Killebrew v. Endicott, 992 F.2d 660, 664 (7th Cir.1993). The witness had a sufficient opportunity to view Green, since he was only 10 to 15 feet away, and the witness watched Green for one to two minutes. His degree of attention was heightened because the robbery victim had just come in and announced that she worked in the store next door and had been robbed. The witness told the police that the man he saw was black, heavy set, approximately 30 to 40 years old, with a bushy Afro haircut, a small beard, and a mustache. Green's appearance is quite close to this description--5'9" tall, weighing 260 pounds, with a small beard and mustache. The length of time between the crime and the confrontation was short--two weeks. Beno never wavered in his identification.[4] The Illinois Appellate Court balanced these factors against the fact that Beno saw the newspaper photograph, and held that "an independent basis existed for Beno's identification of the defendant. Accordingly, evidence of these would have been admitted at trial even if the identifications were tainted by Beno's viewing of the Crime Stoppers article." Green, 198 Ill.App.3d at 529.
 
 
 7
 We are bound by the Illinois Appellate Court's determination of factual questions. Sumner v. Mata, 455 U.S. 591, 597 (1982) (regarding impermissibly suggestive pretrial photographic identification procedure); 28 U.S.C. Sec. 2254(d). The state court's factual findings are clearly supported by the record. Thus, even if the photographic identification was impermissibly suggestive, the identification would still have been properly admitted at trial because the totality of the circumstances demonstrated the reliability of the identification. Because the identification was reliable, a motion to suppress the identification would have been futile and thus no prejudice resulted from the failure to file a motion to suppress. See Killebrew, 992 F.2d at 665. Nor did the admission of the identification deny Green a fair trial. See United States v. Donaldson, 978 F.2d 381, 387 (7th Cir.1992).
 
 
 8
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [2]
 On direct appeal, Green alleged that the trial court erred in not granting him a new trial based upon the discovery of an impermissible suggestive line-up, and that trial counsel was ineffective for failing to file a motion to suppress the identification
 
 
 [3]
 In the post-conviction petition, Green alleged that the lineup was impermissibly suggestive; trial counsel was ineffective for failing to file a motion to suppress; and trial counsel was ineffective for failing to complete discovery
 
 
 [4]
 The Illinois Appellate Court stated: "It is true that the photo Beno saw in the article was identical to the photo he picked out of the police line-up. However, when he saw the photo, he immediately recognized the defendant as the driver of the automobile on June 6, 1988." Green, 198 Ill.App.3d at 529